sion court's denial of his suppression motion *(see, People v Seaberg,* 74 NY2d 1; *People v Roberts,* 152 AD2d 678, 679, *lv denied* 74 NY2d 851). There is no " 'uniform mandatory catechism of pleading defendants' " *(People v Harris,* 61 NY2d 9, 16; *People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067), and the record supports the conclusion that defendant, who was represented by counsel throughout these proceedings, knowingly, voluntarily, and intelligently relinquished his rights upon entering a plea of guilty *(see, People v Harris, supra,* at 17). We decline to modify defendant's sentence in the interest of justice. (Appeal from judgment of Erie County Court, La Mendola, J.—criminal possession of controlled substance, fourth degree.) Present— Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GARDNER, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same memorandum as in *People v Gardner* ([appeal No. 1] 167 AD2d 937 [decided herewith]). (Appeal from judgment of Erie County Court, La Mendola, J. —criminal possession of controlled substance, third degree.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GARDNER, Appellant. (Appeal No. 3.)—Judgment unanimously affirmed. Same memorandum as in *People v Gardner* ([appeal No. 1] 167 AD2d 937 [decided herewith]). (Appeal from judgment of Erie County Court, La Mendola, J. —criminal possession of controlled substance, third degree.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. KOCYLA, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of stabbing and killing his employer John Petrus on September 24, 1983 in the Town of Watertown. The key prosecution witness was Wendell Sweet, who also worked for the victim. Sweet was jointly charged with two counts of murder and other crimes arising out of Petrus' death, but pleaded guilty to grand larceny, unauthorized use of a motor vehicle, tampering with physical evidence and unlawful disposal of a body in return for his agreement to testify against defendant.

We conclude that numerous errors by the trial court deprived defendant of his constitutional right to a fair trial.